**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEREK BROWN,                          :
                                      :
          Petitioner,                 : Civil Action No. 05-2531 (JLL)
                                      :
     v.                               :
                                      :        **O P I N I O N**
ALFARO ORTIZ, et al.,                 :
                                      :
          Respondents.                :
_____:

**APPEARANCES:**

   DEREK BROWN, Petitioner Pro Se
   East Jersey State Prison
   #287039-952357B
   Lock Bag "R"
   Rahway, New Jersey  07065

   GREGORY R. GONZALEZ, ESQ.
   ASSISTANT PROSECUTOR
   OFFICE OF THE HUDSON COUNTY PROSECUTOR
   595 Newark Avenue
   Jersey City, New Jersey 07306
   Counsel for Respondents

**LINARES, District Judge**

   Petitioner Derek Brown ("Brown") filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents raise the affirmative defense that the petition is time-barred under 28 U.S.C. § 2244(d)(1) and must be dismissed. Brown filed a traverse in response to the motion to dismiss. For the following reasons, the Court will deny the motion to dismiss and direct the respondents to file an answer responsive to the

claims asserted in the petition, and to submit the relevant state court record within the time prescribed under the Habeas Rules and the Rules of Federal Civil Procedure.

## I. PROCEDURAL BACKGROUND

Brown is presently confined at the East Jersey State Prison in Rahway, New Jersey, serving a life sentence with a 30-year parole disqualifier for his conviction on charges of murder, felony murder, and possession of a weapon. (Petition, ¶¶ 3, 4). He was convicted by a jury trial on or about October 24, 1996, and was sentenced on December 20, 1996. (Petitioner's Traverse at pg. 2).

A direct appeal was filed on or about February 18, 1997. On March 23, 1999, the Appellate Division filed an unpublished Opinion affirming the convictions but vacating the sentence. The matter was remanded to the trial court for resentencing. A petition for certification was filed and the New Jersey Supreme Court denied certification on June 9, 1999.

On October 21, 1999, a resentencing hearing was conducted and the trial court imposed the same sentence as originally imposed on December 20, 1996. Brown appealed and on December 20, 2000, the Appellate Division modified petitioner's sentence to run concurrently. The judgment of conviction was amended on March 19, 2003.

On or about November 26, 2001, Brown filed a petition in state court for post-conviction relief ("PCR"). The PCR petition was denied on February 14, 2003 and Brown appealed. On November 1, 2004, the Appellate Division affirmed the PCR court's denial of relief. The New Jersey Supreme Court denied certification on March 16, 2005. Petitioner filed his federal habeas petition on or about May 16, 2005.

On August 25, 2005, the respondents filed a motion to dismiss the petition on the affirmative defense that the petition is time-barred under 28 U.S.C. § 2244(d)(1). Petitioner filed a traverse or opposition to the motion on or about September 6, 2005.

## II.  CLAIMS PRESENTED

In his petition, Brown raises the following challenges to his conviction:

A.  Petitioner was denied his constitutional right to effective assistance of trial counsel.

B.  Petitioner was denied his constitutional right to effective assistance of appellate counsel.

C.  The state appellate court's decision affirming conviction was erroneous.

The respondents argue that this petition is time-barred because it was filed more than five years after the judgment of conviction became final on June 8, 1999.

3

III.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

IV.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J.

1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that

5

limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[1] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

---

[1] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[2] However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney

---

[2]   Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

 Here, for purposes of determining the statute of limitations in this habeas action, the parties dispute the date Brown's judgment of conviction became final.  The State contends that it became final on June 8, 1999, when the New Jersey Supreme Court denied certification on petitioner's claims on appeal.  This Court notes that the June 8, 1999 date does not take into consideration the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Thus, the appropriate date for consideration in the State's argument is September 8, 1999.  The State further argues that, despite the fact that the matter was remanded by the Appellate Division on direct appeal for resentencing, petitioner's claims for relief in this habeas petition involve trial issues that were raised by Brown (or could have been raised by Brown) on his direct appeal which became final in 1999.  As petitioner did not file a state PCR petition until November 2001, more than two years after the judgment of conviction allegedly became final, which would otherwise serve to toll the limitations period under

28 U.S.C. § 2244(d)(2), the State asserts that the petition is now time-barred.

Brown argues in his traverse that his petition is not time-barred because his judgment of conviction did not become final until March 19, 2001 (90 days after time period for filing a petition for certiorari with the U.S. Supreme Court had expired from the date the Appellate Division resentenced petitioner on December 19, 2000). Thus, the limitations period began to run on March 19, 2001, and for 247 days until Brown filed his state PCR petition on November 26, 2001, which tolled the limitations period pursuant to § 2244(d)(2). The PCR petition remained pending until March 16, 2005, when the New Jersey Supreme Court denied certification on Brown's appeal from denial of the PCR petition. Brown contends that he had 118 days remaining on his limitations period, which started to run again on March 16, 2005. Brown filed this federal habeas petition on May 16, 2005, leaving 58 days before the statute of limitations expired.

Having carefully reviewed the express language of the limitations statute under § 2244(d), and relevant case law pertinent to the issue of resentencing, this Court concludes that the judgment of conviction did not become final until March 19, 2003, when it was finally amended by the Appellate Division. As the state PCR petition was pending at that point and did not become final until March 16, 2005, the petition is not time-

barred because it was filed within the one-year period prescribed under § 2244(d)(1)(A).[3]

The Court rejects the State's application of the Third Circuit ruling in Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004). In Fielder, the Court of Appeals held that the one-year statute of limitations under § 2244(d)(1) should be applied on a claim by claim basis, rather than to the application as a whole. 379 F.3d at 118-19. The court then went on to find that the claim of prosecutorial misconduct was time-barred because it was raised more than one year after the judgment of conviction became final pursuant to § 2244(d)(1)(A). However, the claim of innocence based on newly-discovered evidence was not time barred under § 2244(d)(1)(D), although the court did conclude that such claim rested on state law rather than federal law and was thus not cognizable in a federal habeas action. Id. at 122.

Here, like in Fielder, the controlling statutory provision is § 2244(d)(1)(A). However, unlike Fielder, there is a dispute as to when the judgment of conviction became final. As stated above, this Court finds that the judgment of conviction did not become final until March 19, 2003, when the Appellate Division

---

[3] It seems that the petitioner is unaware that his judgment of conviction was amended on March 19, 2003. Thus, while he believes that he only had 118 days remaining on his limitations period from March 16, 2005, when the New Jersey Supreme Court denied certification on the denial of the PCR petition, he in fact, had one year from March 16, 2005 within which to file his habeas petition.

amended it.  At that time, Brown had a pending state PCR petition on review challenging his conviction on grounds of ineffective assistance of counsel.  Under § 2244(d)(2), these collateral challenges to the judgment tolled the time to seek federal habeas review.  Thus, even if these claims relate to matters known at trial as alleged by respondents,[4] the claims did not accrue until the judgment of conviction became final, which in this case was March 19, 2003.

    Therefore, because the Court finds that the judgment of conviction did not become final until March 19, 2003, when it was amended by the Appellate Division pursuant to a remand for resentencing, the Court will deny the State's motion to dismiss this action as time-barred.  Brown filed this habeas petition well within the one-year statutory period under § 2244(d)(1)(A).  Therefore, the respondents are directed to file an answer to the claims asserted in Brown's habeas petition and to provide this Court with the relevant state court record.

## CONCLUSION

    For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is

---

[4] This Court also notes that claims of ineffective assistance of trial and appellate counsel are not generally raised on direct review because they may involve issues of fact outside the trial record.  Consequently, the claims raised by Brown in this habeas petition would not have been raised on direct review, but rather on state collateral review.

not time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A), and the Court will deny the respondents' motion to dismiss the petition as time-barred accordingly.  The respondents are directed to file an answer to the petition in accordance with the Rules of this Court, and to provide a copy of the relevant record to the Court pursuant to the Rules Governing Section 2254 Habeas Cases, Rule 5.  An appropriate order follows.


                                             /s/ Jose L. Linares
                                            JOSE L. LINARES,
                                            UNITED STATES DISTRICT JUDGE

DATED:    March 13, 2006